21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony John DELGUERCIO, Defendant-Appellant.
 No. 92-5400.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 4, 1994.
Decided April 15, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Richard C. Erwin, Senior District Judge. (CR-92-11-WS)
 Carl F. Parrish, Nils E. Gerber, Wright, Parrish, Newton & Rabil, Winston-Salem, NC, for appellant.
 Benjamin H. White, Jr., U.S. Atty., Paul A. Weinman, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony John Delguercio pled guilty and was sentenced for possessing machine guns in violation of 18 U.S.C.A.Sec. 922(o)(1) (West Supp.1993) and with illegally manufacturing firearms without having filed a written application to do so in violation of 26 U.S.C. Sec. 5861(f) (1988). Delguercio now appeals, arguing that the district court erred in not suppressing evidence obtained in a search of his residence, given the allegedly deficient Affidavit for a Search Warrant ("Affidavit"). In addition, he argues that the district court erred in denying his motion to disclose the identities of the informants and in refusing to recognize that it had the authority to depart from the sentencing guidelines.[1] We disagree. Accordingly, we affirm Delguercio's conviction and sentence.[2]
 
 I.
 
 2
 According to the facts presented below, an informant (informant A) telephoned Agent C. Allan Melton and stated that Delguercio possessed a TRW-M14 "Intratec" machine gun and three hand grenades at 380 Weatherford Drive, King, North Carolina. The informant stated that Delguercio had converted the Intratec to fire fully automatic, using parts obtained from Rhino, and had obtained the parts for the hand grenades from Phoenix Systems in Colorado. The informant alleged that Delguercio was trying to sell the firearms at Stroh's Brewery, Inc., ("Stroh's"), and that Delguercio brought the firearms to work in a green 1970's model Buick.
 
 
 3
 A second informant (informant B) called Agent Melton and stated that he worked at Stroh's with Delguercio and that Delguercio was in possession of an M14 machine gun and a 9mm machine gun. Informant B also asserted that Delguercio lived in King and drove a green Buick or white Chevrolet.
 
 
 4
 After driving to Delguercio's residence and observing a green 1973 Buick, a white 1982 Chevrolet, and a black Buick parked in the driveway, Agent Melton confirmed that the green Buick and the Chevrolet were registered in Delguercio's name. Agent Melton also confirmed that the house was in Delguercio's name and that Delguercio did not have any machine guns registered to him.
 
 
 5
 Melton then filed an affidavit reflecting the preceding facts, and that he and other agents knew that Rhino was a business that sold machine gun parts, and that Phoenix Systems sold military equipment. A United States Magistrate Judge issued a search warrant for Delguercio's residence and, on the morning of July 26, 1991, the warrant was executed. Upon entering the residence, the officers seized a machine gun, ammunition, a number of firearms, and conversion parts for firearms.
 
 
 6
 Delguercio unsuccessfully moved to suppress all evidence seized during the search on the basis that probable cause was lacking. In addition, Delguercio unsuccessfully moved to disclose the identities of the two informants.
 
 
 7
 Delguercio pled guilty but reserved his right to appeal. The district court sentenced Delguercio to twenty-seven months of incarceration and two-years supervised release and ordered him to pay a special assessment of fifty dollars. Delguercio now appeals.
 
 II.
 
 8
 Delguercio argues that the informants were not shown to be reliable, that the data was not corroborated, and that probable cause for the issuance of the Search Warrant was thus lacking. We disagree. In reviewing the issuance of the warrant, we must ensure that the magistrate judge had a substantial basis for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Blackwood, 913 F.2d 139, 142 (4th Cir.1990). We accord great deference to the magistrate judge's determination. Gates, 462 U.S. at 236; Blackwood, 913 F.2d at 142. Viewing the totality of the circumstances, Gates, 462 U.S. at 231, we are persuaded that this Affidavit was sufficient to support the issuance of the Search Warrant.
 
 
 9
 The Affidavit properly specified that informant A had firsthand knowledge of the alleged illegal activities at the 380 Weatherford Drive address. The Affidavit stated that Agent Melton had talked with informant A during which time the informant described the weapons possessed by Delguercio, the methods and equipment Delguercio used to make the firearms, Delguercio's residence, and two different cars used to transport the firearms. We hold that a description, based on firsthand knowledge, of alleged illegal activity satisfies Gates 's reliability requirement. See United States v. Smith, 914 F.2d 565, 568 (4th Cir.1990), cert. denied, 498 U.S. 1101 (U.S.1991) (citing Gates, 463 U.S. at 238).
 
 
 10
 Furthermore, since Agent Melton went to Delguercio's residence and confirmed informant A's description of the property, we find that the Affidavit contained evidence for the magistrate judge to conclude that the informant's information was corroborated.[3] United States v. Miller, 925 F.2d 695, 699 (4th Cir.), cert. denied, 60 U.S.L.W. 3259 (U.S.1991); see also Blackwood, 913 F.2d at 142.
 
 
 11
 Even if the warrant were not supported by probable cause, we would apply the good faith interpretation of United States v. Leon, 468 U.S. 897 (1984), to preserve this warrant's validity. The warrant was regular on its face. Delguercio did not allege, nor is it evident from this record, that the magistrate judge was biased or that the agents acted dishonestly.
 
 III.
 
 12
 Delguercio argues that the district court erred in denying his motion to disclose the identities of the informants. We disagree. The disclosure of an informer's identity is appropriate only when "the contents of his communication is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause." Roviaro v. United States, 353 U.S. 53, 60-61 (1957). The public interest in protecting the flow of information must be balanced against the individual's right to prepare a defense. Id. at 62. Because Delguercio failed to specifically demonstrate how the testimony of the informants would be helpful to his defense, see United States v. Mabry, 953 F.2d 127, 132 (4th Cir.1991) (holding mere speculation about usefulness of disclosing informant's identity is not sufficient grounds for reversal), cert. denied, 60 U.S.L.W. 3780 (U.S.1992), and because the informants were not active participants in the investigation, see United States v. Blevins, 960 F.2d 1252, 1258 (4th Cir.1992), we hold that disclosure was not warranted.
 
 IV.
 
 13
 The record belies Delguercio's contention that the district court believed that it did not have authority to grant a downward departure for aberrant behavior. The district court assumed that it had authority to grant a downward departure for aberrant behavior but declined to do so because the evidence did not justify such a departure. Given that the court was aware of its authority to depart, we will not review the district court's refusal to depart. United States v. Bayerle, 898 F.2d 28, 30 (4th Cir.), cert. denied, 498 U.S. 819 (U.S.1990).
 
 
 14
 There was a substantial basis, based on the totality of the circumstances, for the magistrate judge to conclude probable cause existed. In addition, the informants were mere tipsters, and the district court recognized its authority to depart. Accordingly, we affirm the district court.
 
 AFFIRMED
 
 
 [1]
 Delguercio properly reserved his right to appeal these issues pursuant to Fed.R.Crim.P. 11(a)(2)
 
 
 [2]
 We previously granted Delguercio's motion to submit this case on the briefs, without argument
 
 
 [3]
 In addition, informant B corroborated most of what informant A had told Agent Melton a week earlier